IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK RICHNER and JILL RICHNER, husband and wife; and RICHNER'S AUTO COACH, LLC, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 2:22-cv-1396 |
| v. | ) ) ) | |
| CHIPPEWA TOWNSHIP; ERIC HERMICK, Chief of Police for the Chippewa Township Police Department, in his individual capacity; OFFICER JOHN DOE; in his individual capacity; and SULLI'S TOWING, LLC; | ) ) ) ) ) ) ) | Judge Fischer |
| Defendants. | ) ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW come the Plaintiffs, Mark and Jill Richner, husband and wife, by and through their attorneys, Steven M. Barth, Esquire and Jonathan M. Gesk, Esquire, and hereby file this Complaint in Civil Action as follows:

## PARTIES

1.     Plaintiff, Mark Richner, is an adult individual who resides in the Commonwealth of Pennsylvania.

2.     Plaintiff, Jill Richner, wife of Mark Richner, is an adult individual who resides in the Commonwealth of Pennsylvania.

3.     Plaintiff, Richner's Auto Coach, LLC, is a Pennsylvania limited liability company with a principal place of business located at 1085 Wallace Run Road, Darlington, Pennsylvania 16115.

1

4. Defendant, Chippewa Township, is a local governmental entity organized pursuant to the laws of the Commonwealth of Pennsylvania with its administrative offices located at 2811 Darlington Road, Beaver Falls, Pennsylvania 15059.

5. Chippewa Township created, funds, manages, and operates the Chippewa Township Police Department. At all times relevant hereto, Chippewa Township is responsible for enforcing the laws within Chippewa Township and acts through its administrators, agents, officers, and employees, including the Chippewa Township Police Department and its police officers.

6. Defendant, Eric Hermick, at all relevant times was an adult individual employed by Chippewa Township as the Chief of Police for the Chippewa Township Police Department. At all relevant times, Chief Hermick acted under color of state law, in the course and scope of his employment, and in accordance with the policies, practices, and customs of the Chippewa Township Police Department. Chief Hermick is sued in his individual capacity.

7. Chief Hermick is the highest officer with the Chippewa Township Police Department and is therefore responsible for the management and administration of law enforcement within Chippewa Township, which primarily includes the direct supervision of the police officers within the Chippewa Township Police Department and, therefore, Chief Hermick is responsible for the actions of those police officers.

8. Defendant, Officer John Doe, at all relevant times was an adult individual employed by Chippewa Township as a police officer with the Chippewa Township Police Department. At all relevant times, Officer Doe acted under color of state law, in the course and scope of his employment, and in accordance with the policies, practices, and customs of the Chippewa Township Police Department. Officer Doe is sued in his individual capacity.

9. Defendant, Sulli's Towing, LLC, is a Pennsylvania limited liability company with a principal place of business located at 421 Constitution Boulevard, New Brighton, Pennsylvania 15066. At all relevant times, Sulli's Towing was acting by and through its duly authorized agents and employees, who at all relevant times were acting within the course and scope of their employment, under the color of state law, and in accordance with its policies, customs, and practices.

## JURISDICTION

10. Pursuant to 28 U.S.C. § 1331, this Honorable Court has jurisdiction over actions that arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

11. This Honorable Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

## FACTS

12. At all relevant times, Mark and Jill Richner operated a tow service in the Beaver County area called Richner's Auto Coach, LLC.

13. On April 5, 2021, at 4:36 p.m., the Richners received a telephone call from a longtime customer requesting that the Richners tow the customer's work van as the transmission had failed.

14. Mr. Richner traveled in a rollback tow truck to the area where the customer's van was located which was in the left-hand turn lane.

15. When Mr. Richner arrived at the location, Officer Doe was already on the scene and had parked his vehicle directly behind the disabled van.

16. Mr. Richner believed that Officer Doe was at the location because there was a disabled vehicle on the road and that Officer Doe was ensuring the safety of the disabled vehicle and traffic in the area.

17. However, when Mr. Richner backed his tow truck up to the disabled van, Officer Doe became extremely aggressive and told Mr. Richner to not tow the vehicle and instead to leave the area.

18. Mr. Richner was confused, believed there to be a misunderstanding, and asked Officer Doe for an explanation as the customer had specifically called Mr. Richner to tow the vehicle. Further, there were no other tow trucks on site.

19. Officer Doe continued his aggressive and improper conduct and screamed for Mr. Richner to "get the fuck out of here."

20. Officer Doe informed Mr. Richner that Sulli's Towing would be coming to the scene to tow the disabled van.

21. Mr. Richner repeatedly attempted to explain that it was longtime customer and that he had been called to the scene. He then inquired into whether Sulli's Towing had a contract for all tow jobs on that street or in Chippewa Township.

22. Officer Doe screamed that he "didn't need a fucking contract" and that Chippewa Township uses Sulli's Towing regardless of whether another company had been called to the scene.

23. Mr. Richner again advised that he was called to the scene and he wanted to know why he was not being permitted to service his customer.

24. Officer Doe then threatened to tase and arrest Mr. Richner for an alleged, but unspecified, crime.

4

25. Mr. Richner feared for his health and safety as he has had brain surgery in the past and two artificial hips.

26. Mr. Richner called his wife, Jill Richner, and requested that she come to the scene to drive their tow truck home.

27. Officer Doe ultimately placed Mr. Richner in handcuffs and put him in Officer Doe's patrol car.

28. Multiple Sulli's Towing tow trucks arrived on the scene.

29. One Sulli's Towing tow truck towed the disabled van.

30. A Sulli's Towing driver got into the Richners' tow truck and drove it down the road to a different location without the authority or permission of the Richners.

31. Another Sulli's Towing tow truck hooked the Richners' tow truck up to its tow in order to tow the Richners' vehicle.

32. When Ms. Richner arrived on the scene, she informed Sulli's Towing and a police officer who she was and that she was the owner of the tow truck.

33. However, as a continuation of the shakedown and the conspiracy between Sulli's Towing and Chippewa Township, the police stated that they had already turned over possession of the Richners' tow truck to Sulli's Towing and that it was up to Sulli's Towing as to whether they wanted to return it to the possession of Ms. Richner.

34. Again, continuing the shakedown, conspiracy, and illegal activity, Sulli's Towing extorted Ms. Richner out of $100.00 in order to unhook their tow truck from the Richners' tow truck.

35. Sulli's Towing insisted on cash and stated that they did not carry receipts with them.

36. Ultimately, Officer Doe transported Mr. Richner to the Chippewa Township jail.

37.    In an effort to cover up his conduct, Officer Doe advised Chief Hermick that the reason he threatened to tase Mr. Richner was that Mr. Richner had shoved Officer Doe.

38.    This was an intentional lie to cover up Officer Doe's arrest of Mr. Richner and his threats of physical harm.

39.    Later that night, Mr. Richner was released from custody and Ms. Richner transported him home.

40.    No charges were ever filed against Mr. Richner as he never violated any laws.

41.    The following day, Officer Doe called Mr. Richner at home and told Mr. Richner that Chief Hermick required Officer Doe to apologize for his conduct.

42.    Officer Doe said that next time Mr. Richner should just leave when he is told to leave and that "it was a lot to go over just for a tow."

### COUNT I – UNCONSITUTIONAL POLICY
### Plaintiffs v. Chippewa Township

43.    Each of the above paragraphs is incorporated herein by reference.

44.    Chippewa Township adopted a policy of directing all tow business in the township to Sulli's Towing.

45.    Chippewa Township applied this policy to private contractual relationships and thus improperly interfered with private contractual relationships without the authority or any reasonable basis to do so.

46.    Chief Hermick and the Chippewa Township Police Department enforced and executed this policy.

47.    This policy was unconstitutional as Chippewa Township did not enter into a formal contract with Sulli's Towing and did not have the authority to direct private individuals and businesses to use a certain tow company in all circumstances.

6

48. Chippewa Township carried out this policy and in return received monetary compensation and support from Sulli's Towing.

49. This unconstitutional policy was outrageous and adopted and enforced with reckless indifference to the rights of the Richners.

50. This unconstitutional policy was the direct and proximate cause of Mr. Richner's arrest, Mr. Richner's incarceration, the Richners' loss of a tow job, and the seizure of the Richners' tow truck.

51. This unconstitutional policy was the direct and proximate cause of Mr. Richner suffering emotional harm, mental anguish, and embarrassment.

52. A jury trial is demanded as permitted by law.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, including compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Honorable Court deems just and necessary.

## COUNT II – WRONGFUL ARREST AND FALSE IMPRISONMENT
### Mark Richner v. Defendants

53. Each of the above paragraphs is incorporated herein by reference.

54. At all times relevant hereto, pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Mr. Richner had a right to be free from wrongful and unlawful arrest, without probable cause, and the right to not be imprisoned or detained without due process of law.

55. Specifically, the Fourth Amendment to the United States Constitution protects individuals from arrests and detentions without probable cause.

56. Further, the Fourth Amendment to the United States Constitution protects individuals from unreasonable seizures of their persons, homes, and effects.

57. The Fourteenth Amendment to the United States Constitution protects individuals against deprivations of their liberty without due process of law.

58. At all times relevant hereto, Officer Doe was acting as an agent of Chippewa Township and Chief Hermick.

59. Officer Doe did not have probable cause, nor reasonable suspicion, to arrest and detain Mr. Richner as Mr. Richner had not violated the law and did not pose a threat or danger to anyone's safety.

60. Officer Doe, Chief Hermick, and Chippewa Township did not have the right ot detain and imprison Mr. Richner without due process of law.

61. For the reasons set forth herein, the arrest and imprisonment of Mr. Richner by Defendants was an unreasonable deprivation of Mr. Richner's life and liberty without due process of law in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

62. As stated herein, Officer Doe and Chief Hermick acted with evil motive, malice, and reckless disregard for Mr. Richner's constitutional rights when they arrested, detained, and imprisoned him without probable cause or reasonable suspicion that he violated the law.

63. Chippewa Township is responsible for the actions of its agents and employees including Chief Hermick and Officer Doe.

64. As a direct and proximate result of the aforesaid actions of Defendants, Mr. Richner suffered and will continue to suffer severe mental and psychological stress as a result of being falsely arrested and imprisoned for no reason and in violation of his civil rights.

65. A jury trial is demanded as permitted by law.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, including compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Honorable Court deems just and necessary.

**COUNT III – UNLAWFUL SEIZURE**
**Plaintiffs v. All Defendants**

66.     Each of the above paragraphs is incorporated herein by reference.

67.     Mark and Jill Richner, as owners of their tow truck, had a property interest in their tow truck.

68.     Officer Doe, Chippewa Township, and Sulli's Towing meaningfully interfered with Mark and Jill Richner's property interest by seizing the tow truck and refusing to return possession of the wrongfully seized tow truck without first extorting the Richners for money.

69.     As a direct and proximate result of Officer Doe, Chippewa Township, and Suli's Towing's action, Mark and Jill Richner sustained damages, including emotional distress, mental anguish, humiliation and embarrassment, and financial losses.

70.     A jury trial is demanded as permitted by law.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, including compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Honorable Court deems just and necessary.

**COUNT IV – CIVIL CONSPIRACY**
**Plaintiffs v. All Defendants**

71.     Each of the above paragraphs is incorporated herein by reference.

72.     Chippewa Township, Chief Hermick, and Officer Doe had an express and explicit agreement with Sulli's Towing whereby Chippewa Township would direct all tow business to Sulli's Towing, even if a private individual or business was the customer, and would use

9

unconstitutional threats of force and intimidation to deter competing businesses from performing tow jobs in the geographic area.

73.    This policy was executed and carried out against Mark and Jill Richner and Richner's Auto Coach in the subject circumstances, including barring them from performing a private tow with a longstanding customer, and then arresting and detaining Mark Richner, and seizing their tow truck, when Mark Richner and Jill Richner did not instantly succumb to the unconstitutional and illegal express policy.

74.    As a direct and proximate result of Officer Doe, Chief Hermick, Chippewa Township, and Sulli's Towing's actions in carrying out the conspiracy, Mark and Jill Richner sustained damages, including emotional distress, mental anguish, humiliation and embarrassment, and financial losses to themselves and Richner's Auto Coach.

75.    A jury trial is demanded as permitted by law.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, including compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Honorable Court deems just and necessary.

### COUNT V – CONVERSION
### Plaintiffs v. Sulli's Towing, LLC

76.    Each of the above paragraphs is incorporated herein by reference.

77.    Sulli's Towing deprived Plaintiffs of their right to and possession of their property, namely, their tow truck and money.

78.    Sulli's Towing lacked consent and lawful justification to seize Plaintiffs' tow truck and demand payment of money to release possession back to Plaintiffs.

79.     As a direct and proximate result of Sulli Towing's conversion, Mark and Jill Richner sustained damages, including emotional distress, mental anguish, humiliation and embarrassment, and financial losses to themselves and Richner's Auto Coach.

80.     A jury trial is demanded as permitted by law.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, including compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Honorable Court deems just and necessary.

Respectfully submitted,

BY:   /s/ Steven M. Barth, Esquire
Steven M. Barth, Esquire
Pa. I.D. #89395
P.O. Box 23627
Pittsburgh, PA 15222
smbassociates@gmail.com
Attorneys for the Plaintiffs

BY:   /s/ Jonathan M. Gesk, Esquire
Jonathan M. Gesk, Esquire
Gesk Moritz, LLC
Pa. I.D. #205678
14 E. Main Street
Carnegie, PA, 15106
jgesk@gesklaw.com
(412) 429 – 9100
Attorneys for the Plaintiffs

Date: October 5, 2022